(89 South. 85)

### COWAN v. PRUITT. (1 Div. 393.)

(Court of Appeals of Alabama. Feb. 8, 1921. Rehearing Denied April 5, 1921.)

Assignments ⚖=131—Assignee cannot recover for failure to deliver piano, without alleging assignor's right to delivery.

The winner of a newspaper popularity contest, who received an order from the newspaper for the piano offered as a prize, was in effect the assignee of the newspaper's right to receive the piano, and cannot recover damages for failure to deliver it, without' showing that the newspaper had a right to compel defendant to deliver the piano to it.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Ruth Cowan against H. L. Pruitt. Judgment for defendant when demurrers to several counts of the complaint were sustained, and plaintiff appeals. Reversed and remanded.

The counts referred to in the opinion are as follows:

(4) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 23, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to sell, on credit, to the said Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered to the order of the Mobile Tribune Company, Incorporated; that in consideration of the work and labor performed by the plaintiff at the request of the Mobile Tribune Company, Incorporated, the Mobile Tribune Company, Incorporated, delivered to the plaintiff an order on the defendant for one Hallett & Davis piano, valued at $400; that plaintiff, by her agent, E. J. Cowan, presented the said order to the defendant, and requested the defendant to deliver said piano in accordance with the said order; and that the defendant has wholly failed and refused to deliver said piano—all to the plaintiff's damage as aforesaid.

(5) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 21, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to sell to the said Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered to the order of the Mobile Tribune Company, Incorporated; that in consideration of work and labor performed by the plaintiff at the request of the Mobile Tribune Company, Incorporated, the Mobile Tribune Company, Incorporated, delivered to the plaintiff an order on defendant for one Hallett & Davis piano valued at $400; that plaintiff by her agent presented said order to the defendant; that when said order was presented as aforesaid the defendant then and there stated that the said order was good, and agreed with the plaintiff that upon her request he would deliver to her a piano in accordance with said order; that neither the plaintiff nor her agent had any knowledge of the arrangements between the Mobile Tribune Company, Incorporated, and this defendant, and the plaintiff relied upon the statement of the defendant as aforesaid; that thereafter the plaintiff requested the defendant to deliver to her a piano in accordance with said order, but that the defendant has wholly failed or refused to do so, and then and there stated that the Mobile Tribune Company, Incorporated, had not paid for said piano; that this was the first knowledge or notice on the part of the plaintiff that said piano had not been paid for; and that the Mobile Tribune Company, Incorporated, was then and there insolvent—all to the plaintiff's damage as aforesaid.

(6) The plaintiff claims of the defendant the further sum of $400, for the defendant, upon, to wit, January 23, 1917, agreed with the Mobile Tribune Company, Incorporated, to sell to the Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered by the defendant to the winner of the Mobile Tribune Company $5,000 contest of 1917; that the plaintiff was the winner of said contest, and received from the Mobile Tribune Company, Incorporated, an order on the defendant, authorizing him to deliver to the plaintiff one Hallett & Davis piano valued at $400 in accordance with the said agreement

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 75.

with the Mobile Tribune Company, Incorporated; that said order was presented to the defendant by E. J. Cowan, the agent of plaintiff; that when the said order was presented as aforesaid the defendant then and there stated that the order was good, and agreed to deliver the piano to the plaintiff in accordance with said order; that the plaintiff had no knowledge or notice of the agreement between the defendant and the Mobile Tribune Company, Incorporated, and relied upon the statement of the defendant as aforesaid; that thereafter, upon the expiration of a long period of time, to wit, 30 days, the plaintiff requested the defendant to deliver to her a piano in accordance with said order; that the defendant has wholly failed or refused to deliver the piano as aforesaid; that the Mobile Tribune Company, Incorporated, was at the time of said refusal insolvent—all to the plaintiff's damage as aforesaid.

(7) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 23, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to deliver two Hallett & Davis pianos, each valued at $400, one to each of two winners of the Mobile Tribune $5,000 popularity contest of 1917, in consideration of $400 worth of advertising to be furnished by the Mobile Tribune Company, Incorporated, to said defendant and $400 in money to be paid by said Mobile Tribune Company, Incorporated, to the defendant; that the defendant substantially received the said $400 worth of advertising long prior to the filing of this suit; that the plaintiff, at the request of the Mobile Tribune Company, Incorporated, performed work and labor for the Mobile Tribune Company, Incorporated, in said $5,000 popularity contest, and in consideration of which was declared to be one of the said prize winners in the said contest, and was given an order by the Mobile Tribune Company, Incorporated, on the defendant for one Hallett & Davis piano valued at $400; that the plaintiff by her agent, E. J. Cowan, presented said order to the defendant; that when said order was presented, as aforesaid, the defendant then and there stated that the order was good, and offered to deliver said piano in accordance with said order; that neither the plaintiff nor her agent had any knowledge of the arrangements between the Mobile Tribune Company, Incorporated, and the defendant, that the plaintiff relied upon said statement of the defendant, and, having no use for said piano, arranged with the defendant that she should not require a delivery of said piano until she had a sale therefor; and that the defendant agreed that when requested by the plaintiff so to do he would deliver to the plaintiff or her order a piano in accordance with said order given to the plaintiff by the Mobile Tribune Company, Incorporated; that the Mobile Company, Incorporated, was then and there a going concern; and that, upon, to wit, two months thereafter, and prior to the filing of this suit, the plaintiff requested the defendant to deliver a piano in accordance with said order; that the defendant then and there refused to deliver said piano, on the grounds that the Mobile Tribune Company, Incorporated, had not paid therefor; that this was the first knowledge or notice on the part of the plaintiff that said piano had not been paid for; that the Mobile Tribune Company, Incorporated, was then and there insolvent, and had ceased to be a going concern; all to the damage of the plaintiff as aforesaid.

(8) The plaintiff claims of the defendant the further sum of $400, for that the defendant upon, to wit, January 23, 1917, agreed with the Mobile Tribune Company, Incorporated, to deliver two Hallett & Davis pianos, valued at $400 apiece, one to each of two winners of the Mobile Tribune $5,000 popularity contest of 1917, for which the Mobile Tribune Company, Incorporated, agreed to give to the defendant $600 of advertising matter and $200 in money; that the defendant substantially received the $600 worth of advertising from the Mobile Tribune Company, Incorporated; that the plaintiff performed work and labor for said Mobile Tribune Company, Incorporated, at its request, in said $5,000 popularity contest, and was thereby declared one of the winners of said contest, and received from the Mobile Tribune Company, Incorporated, an order on the defendant, authorizing him to deliver to the plaintiff one Hallett & Davis piano valued at $400, in accordance with said agreement with the Mobile Tribune Company, Incorporated; that said order was presented to the defendant by E. J. Cowan, agent of the plaintiff; that when said order was presented, as aforesaid, the defendant then and there stated that said order was good, and that thereafter and prior to the filing of this suit the plaintiff requested the defendant to deliver to her a piano in accordance with said order; that the defendant has wholly failed to deliver said piano; all to the plaintiff's damage as aforesaid.

Demurrers were interposed to the fifth and sixth counts as follows:

It does not show that the Mobile Tribune Company, Incorporated, had paid the defendant for the piano; does not show any valid contract existing between the Mobile Tribune Company, Incorporated, and the defendant, whereby the defendant was obligated to deliver the piano on the order of the Mobile Tribune Company.

In the seventh and eighth counts the same grounds of demurrer are assigned as to the fifth and sixth counts, with the additional grounds that said counts do not show any cause of action, as they show no damages for breach of contract, nor do they show any claim for the piano itself, nor do they show any cause of action growing out of conversion or other causes.

Jesse F. Hogan, of Mobile, for appellant.

The beneficiary may maintain a suit in his own name against the promisor for the breach of a valid contract between two parties for his benefit. 14 Ala. 263; 54 Ala. 246; 65 Ala. 190. This is true, even if the beneficiary is undetermined when the contract is made. 1 Williston on Contracts, 378. The appellee by his conduct is estopped to deny that the Tribune Company had failed to perform its contract at the time appellant presented the order to appellee. Bigelow on Estoppel, 603; 43 Ala. 561; 21 Ala. 534; 151

Ala. 249, 44 South. 203; 17 Ala. App. 235, 84 South. 430; 16 Ala. App. 677, 81 South. 197; 201 Ala. 300, 78 South. 77. By telling appellant that the order was good, appellee waived any right to insist upon payment before delivery. 82 Ala. 233, 2 South. 302; 50 Barb. (N. Y.) 258.

R. Percy Roach, of Mobile, for appellee.

Each count shows that the promise to deliver the piano was without consideration. 18 Ala. 117; 124 Ala. 536, 26 South. 981; 2 May, 677. No offer was made by plaintiff to pay defendant any sum that the Tribune Company might owe on piano. 61 Ala. 155; 88 Ala. 367, 6 South. 834; 86 Ala. 348, 5 South. 679, 11 Am. St. Rep. 41. There was no element of estoppel in the case. 95 Ala. 279, 10 South. 757; 87 Ala. 385, 6 South. 298; 13 C. J. 315. The order was not negotiable, and, if it was, the acceptance must have been in writing to be binding. Acts 1909, p. 147, § 132.

BRICKEN, P. J. This was an action by the appellant for failure upon the part of appellee to deliver a piano in pursuance to an order issued upon him by the Mobile Tribune.

The complaint originally consisted of two counts. Later counts 3, 4, 5, 6, 7, and 8. were added by amendments. Demurrers were sustained to all of the counts except the second, which was the common count for accounts. The plaintiff upon the sustaining of the demurrers to the complaint suffered a nonsuit on account of such adverse rulings upon the pleadings, and assigns as error the action of the court in sustaining the demurrers to counts 4, 5, 6, 7, and 8 of the complaint. These several counts sought to recover of the defendant for a failure to deliver the piano on order made upon him by the Mobile Tribune. We have carefully examined the complaint and the demurrers assigned thereto, and we are of the opinion that there was no error in sustaining the demurrers to the complaint.

The fourth count was clearly subject to the second and third grounds of demurrer interposed thereto. Under these averments of the complaint the Mobile Tribune Company, Incorporated, could not have forced or compelled the delivery of the piano. It had derived no title to the piano, and had not paid for it. Plaintiff, being an assignee, had no greater rights than her assignor.

The fifth, sixth, seventh, and eighth counts are subject to the same defects as the fourth count. The strongest construction that can be given to the several counts of the complaint is an agreement on the part of the defendant to deliver a piano to the order of the Mobile Tribune Company, and do not show, as pointed out in the demurrers, that this was a valid enforceable agreement, because it is not shown that such agreement was based upon a valuable consideration.

The judgment of the circuit court is affirmed.

Affirmed.

Reversed and remanded on the authority of the case of Ex parte Ruth Cowan v. H. L. Pruitt, 206 Ala. 34, 89 South. 83.

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes